No. 2021

Second Circuit Appeal

---

SHOEMAKER & JAMES v. H. L. CLEVELAND

---

(May 9, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**
The judgment of the trial judge on matters of fact being manifestly correct is affirmed.

Appeal from Sixth Judicial District Court of Louisiana, Parish of Ouachita. Hon. Fred M. Odom, Judge.

The plaintiffs sue for possession of an automobile owned by them, which they claim is being illegally detained.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Sandel & Clark, of Monroe, attorneys for plaintiffs, appellants.

David T. Garrett, of Monroe, attorney for defendant, appellee.

CARVER, J. The plaintiffs sue for possession of an automobile owned by them which they claim is being illegally detained by the defendant.

Under appropriate allegations, the automobile was seized under a writ of sequestration.

Defendant admits the ownership and detention, but claims a right of detention to secure the payment of a bill for repairs made on the car at the request of the plaintiffs.

Both sides claim damages; the plaintiffs, for the use of the car at $15.00 a day and also attorney's fees, and the defendant, attorney's fees for the alleged illegal issuance of the writ of sequestration.

It is admitted that $25.00 is a proper attorney's fee either for maintaining or dissolving the writ.

It is not disputed that the defendant did make the repairs, amounting to $95.01, an itemized bill of which was introduced in evidence.

The main dispute in the case is whether the defendant was authorized to make the repairs. Both plaintiffs testify that he was not but that they simply requested him to take the car to his garage and give them an estimate of what it would cost to repair it, they intending to get estimates from other parties also. The defendant and his wife both testify that plaintiffs did authorize the making of the repairs.

Plaintiff's theory is supported to some extent by F. C. and Lee Childers, who testify to having heard conversations between plaintiffs and defendant in which, they say, defendant admitted he was not authorized to make the repairs.

On the other hand, defendant's theory is supported to some extent by one Tucker, who testifies that he informed Shoemaker that the car was ready, meaning that it had been repaired, and that Shoemaker's reply was that he would have to come by and get it.

The District Judge evidently gave more than usual consideration to the case, having written two opinions, one when the case was tried and another on an application for a rehearing. His conclusion was that the plaintiffs had authorized defendant to make the repairs, basing his decision not only on the testimony of the witnesses but also on the various circumstances, the main one being the fact that plaintiffs, although in daily need of the car, the use of which, they claim, was worth $15.00 a day to them, permitted it to stay at defendant's garage from October 29th to December 3rd without inviting estimates from any other mechanic. He rendered judgment dismissing plaintiff's suit and dissolved the writ of sequestration, giving judgment to defendant for the repair bill with interest and also for $25.00 attorney's fees for dissolving the writ of sequestration and also recoginzing defendant's right of detention.

We have carefully examined the testimony and cannot say that he manifestly erred in his appreciation of it.

Neither side has filed a brief. We gather from the opinion of the District Judge that plaintiffs contended that, inasmuch as no previous agreement was made as to the cost of the repairs, there was no contract. We agree with our brother of the lower court, though, in holding that this was not necessary. An authorization to put the car in condition implied authority to do whatever was found necessary and to pay reasonable compensation therefor. While there is some contention as to the necessity of some of the replaced parts and also as to the proper charges therefor, the evidence satisfied the District Judge and also satisfied us that the various items composing the repair bill are reasonable and proper.

The judgment of the lower court is affirmed.